**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN W. MAGNESS and                                                                                      PLAINTIFFS
MATTHEW B. WARFORD, ADC #146852

v.                                              NO. 4:11CV00598 JLH

DAVID REYNOLDS, Judge,
Van Buren County, *et al.*                                                                                DEFENDANTS

## ORDER

John W. Magness and Matthew B. Warford, who are inmates in the Arkansas Department of Correction, have commenced this action pursuant to 42 U.S.C. § 1983 against two circuit judges, two assistant prosecuting attorneys, a public defender, and an investigator, regarding matters that relate to criminal prosecutions in Van Buren County, Arkansas. They have applied for and been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking legal action against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). So that the Court can perform this screening function more accurately, the Court directs Magness and Warford to file an amended complaint within thirty (30) days from the entry of this Order stating specifically what each of them alleges that each defendant did that constitutes a wrong for which relief is sought in this action. Magness and Warford are also directed to state specifically what damages or what relief they are requesting that the Court award as a result of the alleged wrongdoing by each of the defendants. In their amended complaint, Magness and Warford should explain how the wrongdoing of each defendant caused harm to them and explain what relief or remedy they are asking from the Court with respect to each defendant. In part, the Court needs to know if they are alleging that they were wrongfully convicted as a result of the alleged bribery scheme, so the

amended complaint must specifically state whether they are alleging that they were wrongfully convicted as a result of the alleged bribery scheme. The Court also needs to know more detail regarding the alleged assault by Cris Carnahan. The amended complaint should state specifically what Carnahan did that constitutes an assault, when he did it, how he did it, and who was present. With respect to Jeff Bittle, the amended complaint should state specifically when he talked to jurors, whether it was before, during, or after the trial, the circumstances under which he talked to them, what he said to the jurors, and what harm to the plaintiffs resulted from his conversations with the jurors.

The plaintiffs should take note of Local Rule 5.5(c)(2), which states:

(2) Parties appearing *pro se*. It is the duty of any party not represented by Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Magness and Warford must file their amended complaint within thirty (30) days from the entry of this Order. Failure to comply with this Order could result in dismissal of this case.

IT IS SO ORDERED this 6th day of September, 2011.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE