**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN W. MAGNESS, ADC #150340                                                            PLAINTIFFS
and MATTHEW B. WARFORD, ADC #146852

v.                                                       NO. 4:11CV00598 JLH

DAVID REYNOLDS, Judge, Van Buren County;
C.E. CLAWSON, Judge, Van Buren County;
MELVIN A. JACKSON, Public Defender,
Van Buren County; CHRIS R. CARNAHAN,
Assistant Prosecuting Attorney, Van Buren County;
JOE DON WINNINGHAM, Former Assistant
Prosecuting Attorney, Van Buren County;
JEFF BITTLE, Investigator, Van Buren County; and
WAYNE HEAD, Officer, Clinton Police Department                                            DEFENDANTS

**OPINION AND ORDER**

John Magness and Matthew Warford, inmates in the Arkansas Department of Correction, commenced this action pursuant to 42 U.S.C. § 1983, alleging misconduct by judges, prosecutors, a public defender, and an investigator during criminal proceedings in Van Buren County, Arkansas, that resulted in their incarceration. The allegations include an assertion that the public defender told Magness and Warford that their cases would be dismissed in return for $40,000, to be divided between the judge and the prosecutor. According to their complaints, both of them declined to pay the bribe. Warford went to trial and was convicted. Magness pled guilty pursuant to a plea agreement. When they commenced this action, Magness and Warford applied for leave to proceed *in forma pauperis*, and their motions were granted. So that the Court could adequately perform the screening function required by the Prison Litigation Reform Act, the Court ordered, on September 6, 2011, Magness and Warford to file amended complaints stating specifically what each of them alleges that each defendant did that constitutes a wrong for which relief is sought in this action.

Magness and Warford have complied with that order, and the Court now has sufficient information to perform the screening function. *See* 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In determining whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all the factual allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). A *pro se* complaint must be liberally construed – however inartfully worded – and "held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (quotation omitted).

Two of the defendants, David Reynolds and C.E. Clawson, are judges.[1] Judges who are sued under section 1983 are immune from suit for judicial acts that they perform as long as they do not act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (quotation omitted). A judicial act is a "function normally performed by a judge" when the parties are before the judge in his judicial capacity. *Id*. at 362, 98 S. Ct. at 1107. All of the allegations against Judge Reynolds and Judge Clawson concern judicial acts performed in their capacity as circuit judges presiding over criminal cases – cases over which

---

[1] The Court takes judicial notice that Reynolds and Clawson are circuit judges serving in Arkansas's 20th Judicial District, which encompasses Van Buren County.

they have jurisdiction. *See* Ark. Code Ann. § 16-88-101(a)(3) (Supp. 2011). The allegations regarding a bribery scheme are certainly serious,[2] and they could result in criminal penalties for those actually involved, as well as discipline from the entities that discipline lawyers and judges. They do not, however, overcome judicial immunity in a civil action for damages. *See Sparks v. Duval County Ranch Co.*, 604 F.2d 976, 978 (5th Cir. 1979) (holding that a judge was "unqualifiedly immune" from a civil suit concerning bribery allegations), *aff'd Dennis v. Sparks*, 449 U.S. 24, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980). Therefore, Judges Reynolds and Clawson are immune from suit, and the claims against them must be dismissed.

Prosecutors are entitled to absolute immunity for conduct undertaken in initiating a prosecution and in representing the state in a criminal action insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (quoting *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939, 114 L. Ed. 2d 547 (1991)).

Warford alleges that a deputy prosecutor named Joe Don Winningham asked for a bond so excessive that he could not afford it. Warford also alleges that Winningham initiated a bribery scheme, whereby Warford would pay $40,000, to be split between Winningham and the judge, to make the charges disappear from the record. When Warford refused, according to the amended complaint, Winningham "forced [Warford] into taking the plea bargain by saying that if [Warford] took the case to trial he would seek life in prison." Bonds and plea bargains are clearly intimately associated with the judicial phase of the criminal process, thus Winningham is entitled to absolute

---

[2] Magness and Warford do not expressly allege that either of the judges knew of the proposed bribery scheme, but for screening purposes the Court assumes that they intend to allege that the judges participated in the scheme.

immunity. *Cf. Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) ("To decide whether an action is prosecutorial . . . the court must look to 'the nature of the function performed, not the identity of the actor who performed it.'"). Moreover, the thrust of the allegation regarding the alleged bribery is that Warford was not actually guilty but was "forced" into pleading guilty by the conduct of Winningham, so that claim necessarily implies the invalidity of Magness's conviction and is therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). *Cf. Harrison v. Grand Jurors*, No. 3:05CV348, 2006 WL 354218 (N.D. Fla. Feb. 13, 2006) (dismissing, in light of *Heck*, a RICO/*Bivens* action because it "would call into question the validity of plaintiff's conviction"); *Bray v. Pippin*, No. 06-5013-CV, 2008 WL 1777473 (W.D. Mo. April 16, 2008).

Magness also alleges that Chris Carnahan, a deputy prosecutor, yelled at him in open court in a violent and threatening manner and told him to "Shut up . . . !" Based on these allegations, it is apparent that Carnahan's conduct was intimately associated with the judicial phase of the criminal process, so Carnahan is entitled to absolute immunity. Apart from the issue of absolute immunity, Magness's claims against Carnahan fail to state a claim upon which relief can be granted because section 1983 does not give rise to a cause of action for yelling "Shut up . . . !" even if the yelling was done in a violent and threatening manner. *See Doe v. Gooden*, 214 F.3d 952, 954 (8th Cir. 2000) ("Verbal abuse is normally not a constitutional violation.").

Magness never expressly alleges that Carnahan knew of the purported bribery scheme, but he does allege that Melvin Jackson, his public defender, told him that the charges could be dismissed if he paid $40,000 to Carnahan and Judge Reynolds, so the Court will assume for screening purposes that he intends to allege that Carnahan was a party to the scheme. Nevertheless, even if Carnahan

and Winningham agreed to take bribes in return for dismissing the cases against Magness and Warford, these allegations do not overcome the prosecutorial immunity from suit in a civil action, as they concern conduct "intimately associated with the judicial phase of the criminal process." Again, criminal prosecutions and attorney discipline procedures are available to remedy such corruption.

Magness and Warford have also sued Jackson. Magness alleges that Jackson was not interested in his case, did not prepare a defense, and did not contact witnesses. Magness also alleges that he had to file many of his own motions because Jackson would not do so. He argues that the actions and inactions of Jackson directly contributed to his wrongful conviction. He also alleges that Jackson was a party to the bribery scheme, which was never consummated. While less detailed, Warford's allegations against Jackson are similar to those of Magness.[3]

In order to state a section 1983 claim, "a plaintiff must allege . . . that the defendant acted under color of state law." *Van Zee v. Hanson*, 630 F.3d 1126, 1128 (8th Cir. 2011). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); *see also Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988). Other than the alleged bribery scheme, all of the allegations against Jackson by Magness and Warford relate to his performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Therefore, as to those allegations, the complaint and amended complaint of Magness and Warford fail to state a claim upon which relief can be granted. The allegation by Magness and Warford that Jackson proposed a bribery scheme arguably is not covered under *Polk*

---

[3] Warford alleges that Jackson "failed to properly represent my best interests by . . . not suggesting a lesser charge and acting as party to the bribery scheme."

*County*. The only effect of this purported scheme, however, was that Magness and Warford ultimately pled guilty or were convicted. To establish a claim therefore would necessarily imply the invalidity of their convictions. Thus, while the alleged bribery scheme would be reprehensible if proven true, it still does not constitute a claim under section 1983, as per *Heck*.

Magness alleges that Detective Jeff Bittle spoke to members of the jury after they were instructed on the law. Again, the only effect of this, so far as the Court can ascertain from the complaints and amended complaints, is that Magness contends that he was wrongfully convicted. For him to prevail on his claim against Bittle would necessarily imply the invalidity of his conviction. Therefore, Magness's claim against Bittle is barred by *Heck*.

Finally, Warford seeks leave to amend to add as an additional defendant Officer Wayne Head of the Clinton, Arkansas, Police Department. The allegations against Head relate to a purported interrogation, the time of which is not specified. The allegations against Head appear to be separate and apart from the allegations against the other defendants. If Warford wishes to pursue those claims, he may initiate a separate complaint. He will not be permitted, however, to avoid paying a separate filing fee by including unrelated allegations in the complaint in this action.

## CONCLUSION

For the reasons stated above, the claims of John Magness and Matthew Warford against David Reynolds, C.E. Clawson, Joe Don Winningham, and Chris Carnahan are dismissed with prejudice because those defendants are immune from suit. The claims of Magness and Warford against Melvin Jackson are dismissed without prejudice for failure to state a claim. The claim of Magness against Jeff Bittle is also dismissed without prejudice for failure to state a claim.

Warford's motion for leave to amend the complaint to add Wayne Head as a defendant is denied.

The Court certifies that an appeal from this Opinion and Order would not be taken in good faith.

IT IS SO ORDERED this 26th day of October, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE